# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Michael E. Sawyer,                                                       Civil No. 09-55 JNE/AJB

                 Plaintiff,

v.                                         **REPORT AND RECOMMENDATION**

Warden M. Cruz, et al.,

                 Defendants.

       Plaintiff Michael E. Sawyer commenced this action by filing a Petition for Writ of Habeas Corpus on January 13, 2009. At the time the petition was filed the plaintiff was an inmate at the Federal Prison Camp at Duluth, Minnesota. The habeas corpus petition was summarily dismissed on grounds that the prisoner was seeking relief relating to conditions of confinement that are properly presented in a civil rights action. He was granted leave to file a civil complaint upon payment of the appropriate filing fee.[1] Mr. Sawyer filed a civil complaint on February 9, 2009, and paid the full filing fee at that time. Following multiple motions by the plaintiff relating to amending his pleading, the court issued an Order dated March 20, 2009, in which Mr. Sawyer was granted leave to submit a comprehensive amended complaint which would thereafter be reviewed by the court. The plaintiff was further advised that he was solely responsible for accomplishing personal service of his pleadings.[2] On March 31, 2009, Sawyer moved to stay the proceedings pending his imminent release from prison. The request for stay was granted by Order dated April 13, 2009,[3] wherein it was stated:

---

[1] Order dated January 14, 2009 [Docket No. 2].

[2] Order [Docket No. 16].

[3] Order [Docket No. 18].

> Proceedings in this action, including the submission of a consolidated complaint as required under the court's Order dated March 20, 2009, shall be stayed to a date no later than October 15, 2009. On or before October 15, 2009, plaintiff shall file a consolidated amended complaint pursuant to the court's Order dated March 20, 2009. Alternatively, plaintiff may file a "Notice of intent to proceed on the initial Civil Complaint filed February 9, 2009." . . . . In the event that plaintiff fails to timely file either a consolidated amended complaint or a "Notice of intent to proceed on the initial Civil Complaint filed February 9, 2009," this action will be deemed abandoned, and the magistrate judge will issue a report and recommendation to the district court that the case be dismissed either for failure to prosecute or for failure to obey a court order, or both.

Plaintiff Michael Sawyer filed a Consolidated and Amended Civil Complaint on October 7, 2009. The Motion to Amend Complaint was granted by Order dated October 16, 2009.[4] In addition, the Order provided that this Consolidated and Amended Civil Complaint was the "effective and operative pleading in this action to which each defendant is required to respond upon effective service of process."[5] Also, Mr. Sawyer's request for assistance with respect to service of process by the U.S. Marshal Service was denied and the plaintiff was again advised that he was wholly responsible for service of pleadings.[6] Finally, plaintiff was expressly given until February 15, 2010, to complete proper service. No action in this case by Mr. Sawyer in response to the October 16, 2009, Order is indicated in the court's docket, though summons were issued on November 10, 2009, and a Notice of Appearance on behalf of defendants was filed on December 7, 2009.[7] On March 17, 2010, defendants moved that the case be dismissed without

---

[4] Order [Docket No. 21].

[5] Although the United States Attorney for the District of Minnesota was aware of the existence of this action, there is no evidence in the docket to establish that any defendant in this case has been personally served or has acknowledged service by mail.

[6] Order [Docket No. 21].

[7] It appears that the amended pleading has come to the attention of the United States Attorney for the District of Minnesota, as suggested by the filing of the Notice of Appearance [Docket No. 23]. The Notice of Appearance did not contain any acknowledgment of service or

prejudice for failure to prosecute[8] in accordance with the court's prior Order requiring that personal service on all defendants be accomplished by February 15, 2010. The court thereafter issued an Order dated March 26, 2010, therein advising the plaintiff that he would have until April 19, 2010 to submit a memorandum response to the motion to dismiss.[9]

Plaintiff filed a Reply to Motion to Dismiss in which he asserts that he received the court's Order to Take Action but did not receive the Motion to Dismiss. He states that he intends to move forward with the case and has attempted to make service by mail. Plaintiff also contends that his efforts to obtain addresses and complete proper service on prison personnel is complicated by the likelihood that such efforts could be construed as threatening behavior. Mr. Sawyer therefore renews his request that the Marshal Service be ordered to make service, or alternatively, he requests that the Assistant United States Attorney accept service on behalf of the defendants.

Plaintiff Michael Sawyer was expressly and specifically advised that he would have until February 15, 2010, to complete proper personal service of his Consolidated and Amended Civil Complaint. This time allowance was granted by Order issued on October 16, 2009, thereby giving plaintiff more than 120 days to make service. Meanwhile, plaintiff essentially admits that personal service had not been completed as of April 19, 2010, more than two months after the court-ordered service deadline and more than six months after the amended complaint was filed and permitted by the court. Furthermore, plaintiff made no request, timely

---

waiver of personal service on behalf of individual defendants.

[8] Motion to Dismiss [Docket No. 25].

[9] Order [Docket No. 26].

or otherwise, for extension of time to make service.  Indeed, his current response to the court is the result of the court's invitation to submit a memorandum rather than any affirmative and self-motivated effort to move the case forward.  With respect to plaintiff's contention that he was not served with the Motion to Dismiss, the argument is of no consequence.  The amended complaint is subject to dismissal on the court's own motion for failure to abide by the court's October 16, 2009, Order allowing the consolidated amended complaint and requiring the pleading to be served by February 15, 2010.

As for a request that the Marshal Service be engaged to make service, the motion has already been denied with the explanation that U.S. Marshal Service in the District of Minnesota does not typically serve process in non-IFP cases and there are no grounds for ordering such service by the U.S. Marshall.  There is no justification for changing this determination.  In essence, the plaintiff is merely asking that the Marshal Service be compelled to perform a function at the government's expense that could be accomplished by a private process server, albeit at the plaintiff's own expense.

Next, the court finds no merit to the contention that actions relating to this lawsuit could be construed as threats against the defendants.  That bridge was crossed when the suit was filed in district court.  In any event, the Marshals Service requires that plaintiff complete a U.S. Marshal Service Form 285, identifying and providing an address for each defendant to be served.  Furthermore, the court finds no authority for the argument that the administrative officer at a Bureau of Prisons facility is required to accept mailed service of complaints against employees sued in an individual capacity, and the court finds no basis on which the U.S. Attorney's office can be compelled to accept service of an initial pleading in this instance.

The deadline for required action has now passed and upon examination of the file

in this matter the court finds no evidence that the plaintiff has accomplished proper service and finds no indication that plaintiff has specifically advised defendants that he contends that proper service of process has been accomplished and that a defense pleading is required. In addition, plaintiff has not filed for default judgment and has not submitted good cause for noncompliance with the court's Orders. The record simply contains no indication that the plaintiff has made an sincere effort to timely comply with the Order setting a February 15, 2010, deadline for service despite being given an abundant amount of time to so comply.

Dismissal with prejudice, based upon plaintiff's failure to move for default, is an extreme sanction and may be error, absent any additional record of delay or other uncooperative conduct. Berry v. Cigna/RSI-Cigna, 975 F.2d 1188 (5th Cir. 1992). However, dismissal without prejudice is a minimal sanction for plaintiff's failure to prosecute when counsel have failed to take action as required by court order. The court's authority to dismiss an action for failure to prosecute is necessary to prevent undue delay in the disposition of cases and is recognized under Fed. R. Civ. P. 41(b) as an adjudication on the merits. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962). Pursuant to the court's inherent case management and administration responsibilities, dismissal of this action without prejudice is an appropriate sanction. Fed. R.. Civ. P. 41(b).

Based upon the entire file in this matter, and for the reasons stated in the foregoing discussion, **IT IS HEREBY RECOMMENDED** that plaintiff Michael Sawyer's Consolidated and (Amended) Complaint [Docket No. 20] be **dismissed** without prejudice on the court's own motion, and that the defendants' Motion to Dismiss be **denied as moot** [Docket No. 25].

Dated:     April 20, 2010

    s/Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

       Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before May 5, 2010.